IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 4:05-1240 |
| | ) | |
| V. | ) | |
| | ) | **PLEA AGREEMENT** |
| NEW YORK CELLPHONE.COM., INC.) | | |
| | ) | |
| | ) | |

AGREEMENT made this 7th day of November, 2005, between and among the United States of America, as represented by United States Attorney JONATHAN S. GASSER, Assistant United States Attorney William E. Day, II.; the Defendant, **NEW YORK CELLPHONE.COM., INC.**, and Defendant's Attorney, Thomas C. Brittain, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant, **NEW YORK CELLPHONE.COM., INC.**, agrees to waive Indictment, FED. R. CRIM. P. 7(b), and arraignment, FED. R. CRIM. P. 10 and agrees to plead guilty to an Information charging trafficking in counterfeit goods, in violation of Title 18, United States Code, Section 2320 F.R. CRIM. P. 11.

2. The Defendant, **NEW YORK CELLPHONE.COM., INC.**, agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

3. The Defendant, **NEW YORK CELLPHONE.COM., INC.**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which it pleads guilty and will assess $25.00 for each misdemeanor count to which it pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea

Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if it fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

4.     Application of the Agreement.  This Agreement shall bind defendant and its successors and assigns. Defendant, or its successors-in-interest, if applicable, shall provide the undersigned prosecuting office and the United States Probation Office in the District of South Carolina with immediate notice of any name change, corporate reorganization or similar action affecting this Agreement. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, or similar action shall alter Defendant's responsibilities under this Agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

5.     Sentencing Agreement.  Pursuant to Rule 11(c)(1)(C) of the Federal Rule of Criminal Procedure, the government and defendant agree that the sentence to be imposed by the Court is a total monetary penalty consisting of Twenty-five Thousand Dollars ($25,000.00) plus

the mandatory special assessment discussed below. The parties agree that the sentence should be imposed as follows:

 a. <u>Fine</u>. Defendant shall pay a total aggregate criminal fine in the amount of Twenty-five Thousand Dollars ($25,000.00).

 b. <u>Payments</u>. Defendant further agrees that if the terms of this Rule 11(c)(1)(C) agreement are accepted by the Court, the monetary penalties imposed as a sentence consistent with this Agreement, including the fines and special assessments, shall be paid on the day of sentencing. Payments of the criminal fine and special assessments shall be made in the form of a check(s) payable to "United States District Court Clerk."

 c. <u>Probation</u>. Further, pursuant to Rule 11(c)(1)(C), the government and the Defendant agree that the Defendant will be placed on organizational probation for a period of three years pursuant to 18 U.S.C. § 3561(c)(1) and consistent with USSG §§ 8D1.1 and 8D1.2.

6. <u>Breach of the Agreement</u>. Defendant, through its authorized representatives recognizes that the government has agreed not to prosecute all of the criminal conduct established by the evidence as committed by the defendant solely because of the promises made by the defendant in this Agreement. If the defendant breaches this Agreement, or if the Defendant withdraws its guilty plea pursuant to paragraph 11 of this Agreement, the government retains the right to present to the Grand Jury for Indictment, all of the criminal violations established by the evidence. If the actions of the defendant or any of its agents and/or employees breaches this Agreement, the defendant will not be able to withdraw its guilty pleas, and the government will be relieved of all of its obligations under this Agreement. If, as a result of a breach of the Agreement, the government elects to pursue any charge that was not filed as a

result of this Agreement, defendant expressly waives all defenses based upon the statute of limitations, pre-indictment delay, except to the extent that such defenses existed as of the date of the signing of this Agreement and subject to paragraph 17 below.

7.  Corporate Authorization. Defendant agrees that it is authorized to enter into this Agreement. At the time of signing by Defendant's representatives, Defendant shall provide the government with a written statement in the form of a corporate resolution certifying that Defendant is authorized to enter into and comply with all of the terms of this Agreement. The corporate resolution shall certify that Defendant's Board of Directors has authorized the undersigned representatives to take these actions and that all corporate formalities for such authorizations have been observed. The Defendant agrees that the pleas of guilty will be entered by the Defendant through Shawn P. Clark, the President of New York Cellphone.Com, Inc., and that he is a corporate officer authorized to enter pleas of guilty on the Defendant's behalf. By entering these guilty pleas, the Defendant hereby waives all objections to the form of the charging documents, admits that it is in fact guilty of the offenses as set forth in the Informations.

8.  Waiver of Appeal. Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give a defendant the right to appeal other aspects of the conviction. In consideration of the Agreement with the United States as set forth herein, defendant knowingly and voluntarily agrees to waive the following rights:

   a.  The right, conferred by 18 U.S.C. § 3742, to appeal the sentence imposed by the Court for the conviction of these offenses, including restitution and community

-4-

service;

        b.      The right to appeal any aspect of defendants' conviction, including any pre-charge or pre-trial dispositions of motions or other issues; and

        c.      The right to bring any collateral attack against defendant's conviction or sentence, except as it may relate to the effectiveness of legal representation.

8.      Voluntariness of the Plea. Defendant, through its authorized representatives, acknowledges that it has entered into this Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce it enter into the guilty pleas called for by this Agreement.

10.     Statute of Limitations. In the event that this Agreement is not accepted by the Court for any reason, or defendant has breached any of the terms of this Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Agreement to: (1) 60 days following the date of non-acceptance of the Agreement by the Court; or (2) 60 days following the date on which a breach of the Agreement by defendant is discovered by the government.

11.     Completeness of Agreement. The government and defendant acknowledge that these terms constitute the entire Agreement between the parties. This Agreement is effective upon signature by defendant and all of the attorneys for the government.

12.     The Defendant, **NEW YORK CELLPHONE.COM., INC.**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

13.     The parties hereby agree that this Plea Agreement contains the entire agreement

of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10-31-05
DATE

NEW YORK CELLPHONE.COM., INC.,
Defendant

10-31-05
DATE

THOMAS C. BRITTAIN
Attorney for the Defendant

11-7-05
DATE

JONATHAN S. GASSER
UNITED STATES ATTORNEY

BY: William E. Day, II
Assistant U. S. Attorney

-6-

On behalf of the Defendant, NEW YORK CELLPHONE.COM, INC., I have been authorized by a corporate resolution to sign this agreement and bind NEW YORK CELLPHONE.COM, INC. NEW YORK CELLPHONE.COM, INC. has been advised by its attorneys of NEW YORK CELLPHONE.COM, INC.'s rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. NEW YORK CELLPHONE.COM, INC. voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to NEW YORK CELLPHONE.COM, INC. other than those contained in this Agreement. No one has threatened or forced NEW YORK CELLPHONE.COM, INC. in any way to enter into this Agreement. Finally, NEW YORK CELLPHONE.COM, INC.'s is satisfied by the representation of its attorneys in this matter.

_____    _10-31-05_
Authorized Representative      Date
of New York Cellphone.Com, Inc.
Defendant


I am NEW YORK CELLPHONE.COM, INC.'s attorneys. I have carefully discussed every part of this Agreement with authorized representatives of NEW YORK CELLPHONE.COM, INC. Further, we have fully advised the authorized representatives of CELLPHONE's rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To our knowledge, the decision of NEW YORK CELLPHONE.COM, INC. to enter into this Agreement is an informed and voluntary one.

_____    _10-31-05_
THOMAS C. BRITTAIN, Esq.       Date
Counsel for Defendant
New York Cellphone.Com, Inc.